**APPEAL NO. 23-3267**

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

LADS NETWORK SOLUTIONS, INC.,
Plaintiff/Appellant,

vs.

AGILIS SYSTEMS, LLC,
ARCHLOGIX, LLC, and
GILEAD GROUP, LLC,
Defendants/Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI,
THE HONORABLE SARAH E. PITLYK,
UNITED STATES DISTRICT JUDGE

**BRIEF OF THE APPELLANT**

Keith A. Rabenberg  #35616MO
RABENBERG LAW FIRM, LLC
2323 St. Clair
St. Louis, MO  63144
314-954-2543
keith.rabenberg@outlook.com
ATTORNEY FOR APPELLANT

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Plaintiff/Appellant LADS Network Solutions, Inc. ("LADS"), disclosed its copyrighted computer software to Defendants subject to past license agreements. LADS brought this copyright infringement action when it learned that Defendants had continued to use the software after the license had ended.

During discovery the parties learned that a mistake had occurred during the copyright application process: the deposit material (computer source code) filed with its copyright application included portions of code that should not have been included. Defendants moved for summary judgment, arguing that the mistake rendered the registration invalid. The district court granted Defendants' motion, even though the evidence demonstrated that the deposit issue was the result of an inadvertent mistake. In addition, after LADS took action to correct the mistake with the registration, the district court refused to vacate the judgment.

With this appeal, LADS requests that this Court reverse the district court decision because the mistake with the registration that occurred should not have been fatal to this infringement action, and, moreover, any problem with the registration has been corrected.

LADS respectfully requests oral argument to provide an opportunity for counsel to answer questions from the Court. Fifteen (15) minutes per side should be sufficient time given the nature of the issues in this case.

1

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Plaintiff/Appellant LADS Network Solutions, Inc. ("LADS") is a private, for-profit Missouri corporation.  There is no parent company or publicly held corporation that owns an interest in LADS.  *See* Fed. R. App. P. 26.1(a); Eighth Circuit Rule 26.1A.

Appellate Case: 23-3267    Page: 3    Date Filed: 12/14/2023 Entry ID: 5344349

# TABLE OF CONTENTS

Summary of the Case and Request for Oral Argument 1

Corporate Disclosure Statement 2

Table of Contents 3

Table of Authorities 5

Jurisdictional Statement 7

Statement of the Issues Presented for Review 8

Statement of the Case 9

 Statement of the Facts 9

Summary of the Argument 17

Argument 19

I. Standard of Review. 19

II. The district court erred in ruling that LADS's copyright registration was invalid. 20

 A. Introduction. 20

 B. The 17 U.S.C. § 411(b) legal standard. 20

 C. In granting Defendants' Motion for Summary Judgment, the district court erred by applying the incorrect § 411(b) legal standard. 26

III. The district court erred in denying LADS's Motion to Reconsider because the copyright registration remains in place, has never been cancelled, and the deposit issue has been corrected. 28

3

A. Introduction.     28

B. LADS's copyright registration has never been cancelled and remains in place.     29

C. LADS's supplementary copyright registration has resolved the deposit material issue.     32

IV. The district court erred in ruling that Defendants were entitled to an award of attorney fees.     35

Conclusion     36

Proof of Service and Certificate of Filing     37

Certificate of Compliance with Typeface Requirements and Type-Volume Limitation     38

4

# TABLE OF AUTHORITIES

## Cases

*Advisers, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706 (6th Cir. 1956)  21

*Brownstein v. Lindsay*, 742 F.3d 55 (3d Cir. 2014)  8, 31

*Bruhn NewTech, Inc. V. United States*, 144 Fed. Cl. 755 (2019)  24-27

*DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616 (7th Cir. 2013)  23

*Farkas v. Addition Mfg. Techs., LLC*, 952 F.3d 944 (8th Cir. 2020)  19

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140 (9th Cir. 2019)  22, 24, 26

*Jones v. Swanson*, 512 F. 3d 1045 (8th Cir. 2008)  19

*Lankford v. Sherman*, 451 F.3d 496 (8th Cir. 2006)  19

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821 (11th Cir. 1982)  21

*PaySys International, Inc. v. Atos Se, Worldline SA,* 226 F. Supp. 3d 206 (S.D.N.Y. 2016)  8, 34

*Renaissance Pen Co. v. Krone, LLC*, 2007 WL 9807532 (E.D. Mo. May 8, 2007)  23

*Roberts v. Gordy*, 877 F.3d 1024 (11th Cir. 2017)  8, 22-27

*Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)  19

*Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.,* 142 S. Ct. 941 (2022)  8, 24-28

*Unicolors, Inc. v. H&M Hennes & Mauritz*, 959 F.3d 1194 (9th Cir. 2020)  24

*Urantia Found. v. Maaherra,* 114 F.3d 955 (9th Cir. 1997)  21

5

**Statutes**

28 U.S.C. § 1291                                                7

28 U.S.C. §§ 1331, 1338(a), 1367                               7

17 U.S.C. § 101 et. seq.                                       7

17 U.S.C. § 411(b)                                       21, passim

17 U.S.C. § 505                                               8, 35

**Rules**

Fed. R. App. P. 26.1(a)                                          2

Fed. R. Civ. P. 56                                              19

Fed. R. Civ. P. 59(e) and 60(b)                                 19

Eighth Circuit Rule 26.1A.                                       2

**Other**

37 CFR § 201.7: Cancellation of complete registration        29-31

37 CFR § 202.6: Supplementary Registration                      32

Copyright Compendium § 1802                                     34

Copyright Compendium § 1807                                  30-31

Appellate Case: 23-3267    Page: 7    Date Filed: 12/14/2023 Entry ID: 5344349

## JURISDICTIONAL STATEMENT

On January 3, 2019, Plaintiff/Appellant LADS Network Solutions, Inc. ("LADS") commenced this action for, *inter alia,* copyright infringement in the United States District Court for the Eastern District of Missouri. App. 12; R. Doc. 1. The District Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a), because the copyright infringement claim arises under the Federal Copyright Act, 17 U.S.C. § 101 *et. seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 because the related state law claim is part of the same case or controversy.

On August 25, 2021, the district court granted Defendants' Motion for Summary Judgment. Add. 1-12; App. 55-66; R. Doc. 141, 145, 147. On September 14, 2023, the district court entered its Memorandum and Order and its Amended Judgment and Order of Dismissal, disposing of all parties' claims. Add. 24-29; App. 120-125; R. Doc. 199, 200. LADS filed a timely notice of appeal on October 9, 2023. App. 126; R. Doc. 201. Accordingly, this Court has subject matter jurisdiction of the present appeal pursuant to 28 U.S.C. § 1291.

Appellate Case: 23-3267    Page: 8    Date Filed: 12/14/2023 Entry ID: 5344349

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

(With Most apposite statutes and cases pursuant to Eighth Circuit Rule 28A(i)(2).)

1.     Whether the district court erred in granting Defendants'/Appellees' Motion for Summary Judgment and thereby invalidating Appellant's copyright registration due to the applicant having filed incorrect deposit material with the copyright application where there was no evidence of fraudulent intent on the part of the applicant, and the only evidence before the court demonstrated that the deposit material mistake was inadvertent and unintended.

- 17 U.S.C. § 411(b)
- *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941 (2022)
- *Roberts v. Gordy*, 877 F.3d 1024 (11th Cir. 2017)

2.     Whether the district court erred in denying Plaintiff's/Appellant's Motion to Reconsider where such motion demonstrated that that the registration remained in effect and had never been cancelled, and that the problem with the deposit material had been rectified with a supplementary registration.

- *Brownstein v. Lindsay,* 742 F.3d 55 (3d Cir. 2014)
- *PaySys International, Inc. v. Atos Se, Worldline SA,* 226 F. Supp. 3d 206 (S.D.N.Y. 2016)

3.     Whether the district court erred in holding that defendants were entitled to an award of attorney fees.

- 17 U.S.C. § 505

8

## STATEMENT OF THE CASE

This is an appeal from the district court's grant of summary judgment in Defendants' favor due to an inadvertent mistake that had occurred in the copyright registration process. Also appealed is the district court's refusal to allow the case to continue even after the registration issue had been corrected with the Copyright Office.

### Statement of Facts

Plaintiff/Appellant LADS, in business since 1969, has been a provider of dispatching software since 1985, wireless data communications since 1989, and mobile GPS based software solutions since 1998. Complaint, ¶ 2; App. 12; R. Doc. 1, ¶ 2. In 2000, LADS completed development of its "GPStrac" logistics software for use in its business, and in 2014 LADS applied for and received a copyright registration for GPStrac. Complaint, ¶ 16 and Exh. A; App. 14, 22; R. Doc. 1, ¶ 16; R. Doc. 1-1.

Beginning in 2004, LADS entered into a series of business transactions which resulted in Defendant/Appellee Agilis Systems, LLC ("Agilis") becoming a licensee under the software for a period of time ending at the end of 2009. Complaint, ¶¶ 17-22; App. 3-4; R. Doc. 1, ¶¶ 17-22. Several years later, LADS learned that Agilis had not stopped using the software after the license had terminated, that Agilis's affiliate Defendant/Appellee Gilead Group, LLC

9

("Gilead") had established an additional company Defendant/Appellee Archlogix, LLC ("Archlogix"), and that Archlogix had also began using the software without a license. Complaint, ¶ 23; App. 15; R. Doc. 1, ¶ 23. Upon learning of the ongoing infringement, LADS filed this lawsuit in January 2019.

During discovery the parties exchanged copies of the computer software: Agilis's and Archlogix's software then in use, and LADS's GPStrac software as it existed in 2000 when LADS filed the copyright application. Two key facts emerged from this discovery. First, LADS confirmed that a core part of the GPStrac software remained in the Agilis/Archlogix software. Second, the parties discovered that the copyright application's deposit material (a portion of the GPStrac computer code submitted to the Copyright Office with the application) had mistakenly included code from a later version of GPStrac. The first of these two facts – the confirmation of infringement – has yet to be tried because the second fact – the deposit material issue – became the basis for Defendants' Motion for Summary Judgment. App. 23; R. Doc. 82.[1] The district court eventually granted Defendants' Motion. Add. 1-12; App. 55-66; R. Doc. 141, 145, 147.

---

[1] This was the second Motion for Summary Judgment filed by Defendants. They had filed an earlier summary judgment motion claiming, unsuccessfully, that they were entitled to continued use of the software based on the parties' past license and other agreements. The district court denied that motion. R. Doc. 66, 133.

Appellate Case: 23-3267     Page: 11     Date Filed: 12/14/2023 Entry ID: 5344349

In response to Defendants' Motion, Daniel Huber, LADS's President, in a Declaration filed May 1, 2020 (the "May 2020 Huber Dec."), explained what had happened with the deposit material. He also explained how he had confirmed that the core part of the GPStrac software remained in the Agilis/Archlogix software. App. 25-41; R. Doc. 93, 93-2, 93-3, 93-4.[2] The following summarizes the relevant facts as related by Mr. Huber in his Declaration.

LADS completed the development of its GPStrac software in 2000. May 2020 Huber Dec. ¶¶ 2-3; App. 25; R. Doc. 93, at ¶¶ 2-3. In 2004, LADS entered into a joint development arrangement with Agilis Systems, Inc. ("Agilis Inc.").[3] Pursuant to a 2004 Bi-Lateral License Agreement, LADS disclosed its intellectual property, including the source code for GPStrac to Agilis Inc. May 2020 Huber Dec. ¶¶ 4-7; App. 26; R. Doc. 93, at ¶¶ 4-7.

Agilis Inc. developed its fleet management tracking software during the latter half of 2004 and implemented it successfully in early 2005. A key part of that development effort involved Agilis Inc. copying LADS's database definition

---

[2] Note that Appendix hereto includes with the May 2020 Huber Declaration copies of the three most pertinent of the six exhibits filed with the district court. The Declaration and the exhibits were filed under seal as R. Doc. ## 93 through 93-6.

[3] Agilis Inc. was later renamed Siliga Systems, Inc. The name change occurred contemporaneously with the formation of Agilis Systems, LLC, the first-named defendant in this lawsuit. May 2020 Huber Dec. ¶ 5; App. 26; R. Doc. 93, at ¶ 5.

code and implementing LADS's unique database structure. May 2020 Huber Dec. ¶¶ 11, 20, Exh. 4; App. 27, 30, 41; R. Doc. 93, at ¶¶ 11, 20, R. Doc. 93-4.

Agilis Inc., and its successor, Defendant Agilis Systems, LLC, continued to use the LADS intellectual property under the 2004 Bi-Lateral License Agreement and under subsequent licenses through 2009. May 2020 Huber Dec. ¶¶ 8-11, Exh. 2, Exh. 3; App. 26-27, 33-39; R. Doc. 93, at ¶¶ 8-11, R. Doc. 93- 2, R. Doc. 93-3. Because the last license terminated at the end of 2009, all use of LADS intellectual property should have ended then, but, as explained below, it did not end.

In 2014, Mr. Huber decided to register the copyright for the GPStrac software, which had been completed 14 years earlier. He submitted the application along with the deposit material (computer source code files) he had assembled. Unbeknownst to him at the time, he had selected some of the source code from software that was from later in time. May 2020 Huber Dec. ¶¶ 12-14; App. 27-28; R. Doc. 93, at ¶¶ 12-14 Mr. Huber did not realize that the mistake had occurred until documents were exchanged during discovery in this lawsuit. May 2020 Huber Dec. ¶¶ 14-16; App. 28-29; R. Doc. 93, at ¶¶ 14-16.

Notably, the first part of the code submitted to the Copyright Office was the LADS database definition code that did exist in 2000; it was disclosed to Agilis Inc. in 2004, and Agilis Inc. used it to develop its product in a short period of time.

Appellate Case: 23-3267    Page: 13    Date Filed: 12/14/2023 Entry ID: 5344349

May 2020 Huber Dec. ¶ 18; App. 29-30; R. Doc. 93, at ¶ 18.  In response to discovery requests, Defendants produced the current database definition code being used by Defendants Agilis and Archlogix.  Mr. Huber reviewed that code and determined that its core is the same software that was created in 2004 using LADS technology.  May 2020 Huber Dec. ¶¶ 19-21, App. 30-31; R. Doc. 93, at ¶¶ 19-21.

In accordance with 17 U.S.C. § 411(b)(2), on March 26, 2021, the district court directed an inquiry to the Copyright Office.  App. 42; R. Doc. 134.  The Copyright Office responded on August 2, 2021, stating that if the Copyright Office had been aware that the deposit material included code not part of the software in 2000, it would have declined registration, but, before declining the registration, it would have given LADS an opportunity to correct the mistake.  App. 44, 53; R. Doc. 137, at 10.

After receiving the response from the Copyright Office, the district court held a hearing on Defendants' Motion for Summary Judgment on August 23, 2021.  R. Doc. 139, 148.  The district court concluded the hearing on August 25, 2021, granting Defendant's Motion on the record.  Add. 1-11; App. 55-65; R. Doc. 141, 147.  The district court entered its Judgment on August 31, 2021, dismissing the case without prejudice.  Add. 12; App. 66; R. Doc. 145.  On September 8, 2021, the district court entered its order ruling that Defendants were entitled to an attorney fee award, the amount to be determined later.  App. 67-69; R. Doc. 146.

13

Mr. Huber thereafter applied on behalf of LADS to the Copyright Office for a supplementary registration in order to correct the deposit material mistake. The supplementary registration issued effective September 14, 2021, and LADS thereafter filed a Motion to Reconsider. App. 70-72; R. Doc. 149.

In his Declaration dated September 27, 2021 (the "September 2021 Huber Dec."), Mr. Huber related his interactions with the Copyright Office which resulted in the supplementary registration. App. 73-98; R. Doc. 149-2.

On September 1, 2021, he filed on behalf of LADS a new copyright application for "GPStrac Database Schema Code," and requested expedited handling. For the deposit material, he included the first 5 pages of the deposit material that he had submitted with the previous copyright application. He chose those pages because they were from the software created in 2000, and they contained the code that Defendants' software was currently infringing. A copy of the on-line application he filed, as reflected by the pdf document returned by the Copyright Office, is attached to the September 2021 Huber Dec. as Exh. 1. App. 79-82; R. Doc. 149-2, at 7-10. Note that he included, in the application's "Note to C.O." field, a reference to the litigation and the district court's 411(b) inquiry.

14

The Copyright Office's initial response to Mr. Huber, on September 7, 2021, was an email requesting clarification on four issues, the fourth of which is pertinent here:

> 4 – When a work has been previously registered and/or published, the claim must be limited to the new material added to the work since last registration or publication. Has the "computer program" submitted been previously registered or published?

September 27, 2021 email from Registration Specialist Karen Cribb; September 2021 Huber Dec., ¶ 5.  App. 75; R. Doc. 149-2, at 3.   Mr. Huber asked Ms. Cribb to call, and she did.  He explained that what he was trying to do was correct the deposit error in the previous registration, and she explained that an application for a supplementary registration would be necessary for that.  September 2021 Huber Dec., ¶¶ 6, 7.  App. 75-76; R. Doc. 149-2, at 3-4.  The Copyright Office rejected the application because of the existence of the previous registration.  September 2021 Huber Dec., ¶ 8, and Exh. 2.  App. 76, 83-87; R. Doc. 149-2, at 4, 11-15.  Consistent with the conversation with Ms. Cribb, the refusal notice indicated that a supplementary application would be necessary.

Mr. Huber next attempted to obtain a supplementary registration, and that was successful.  September 2021 Huber Dec., ¶¶ 9-11, and Exh. 3-5.  App. 76-77, 88-98; R. Doc. 149-2, at 4-5. 16-26.  Note that with this supplementary application Mr.  Huber identified the previous registration and disclaimed the portion of the deposit material that had been mistakenly included previously.

Appellate Case: 23-3267     Page: 16     Date Filed: 12/14/2023 Entry ID: 5344349

With its Motion to Reconsider filed September 28, 2021, LADS asked the district court to vacate the Judgment and grant LADS leave to file an Amended Complaint to add the supplementary registration. App. 70-71; R. Doc. 149. On September 28, 2022, the district court entered its Memorandum and Order denying the Motion to Reconsider. Add. 13-23; App. 99-109; R. Doc. 177. The district court also entered its Order regarding Defendants' request for attorney fees, stating *inter alia* that the attorney fee issue would be deferred until after an appeal. App. 110-111; R. Doc. 178. LADS filed a Notice of Appeal, but the district court's August 31, 2021 Judgment was determined not to be final.[4]

On September 14, 2023, the district court entered its Amended Judgment and Order of Dismissal. Add. 29; App. 125; R. Doc. 200. This appeal followed. App. 126; R. Doc. 201.

---

[4] *See* Notice of Appeal, App. 112, R. Doc. 179, and this Court's December 14, 2022 Judgment dismissing Appeal No. 22-3077, App. 114, R. Doc. 183. *See also* LADS's Request for Entry of Amended Judgment filed December 19, 2022. App. 116; R. Doc. 184.

16

## SUMMARY OF THE ARGUMENT

Defendants' Motion for Summary Judgment sought to invalidate Plaintiff LADS's copyright registration because the deposit material filed with the application had included computer source code that should not have been included. In response, LADS provided information demonstrating that the mistake had occurred inadvertently with no fraudulent intent.

The issue for the district court was whether a 2008 amendment to the Copyright Act, which added § 411(b), had changed the common law "fraud on the Copyright Office principle." Before 2008, courts had held that a copyright registration could be invalidated if the registrant had included inaccurate information with fraudulent intent. As stated in § 411(b), inaccuracies in a registration normally do not invalidate a registration; only material inaccuracies included with the registrant's "knowledge" can be the basis for invalidating the registration.

The Eighth Circuit had not considered this issue, but the Eleventh Circuit, the Ninth Circuit, and the Court of Federal Claims had. The Eleventh Circuit's position was that the fraud on the Copyright Office principle still applied; the other courts disagreed and applied a lower scienter level. The district court chose to follow the Court of Federal Claims the Ninth Circuit precedent.

After the district court granted Defendants' Motion, while LADS's Motion

17

to Reconsider was pending, and before the district court entered a final Judgment, the Supreme Court addressed the issue, clearly favoring the Eleventh Circuit's position. But the district court declined to reconsider, taking the position that the Supreme Court's statement was dicta.

This Court should follow the Eleventh Circuit precedent, which was clearly favored by the Supreme Court, and reverse the district court. The only evidence before the district court was that the mistake was inadvertent, and given that fact the necessary scienter was not present.

The district court also erred in refusing to consider LADS's supplemental registration which was issued before final judgment. It demonstrated that the original registration remained intact and that the supplemental registration had resolved the deposit material issue.

# ARGUMENT

## I. Standard of Review.

This Court reviews the district court's grant of summary judgment de novo. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party. *Farkas v. Addition Mfg. Techs., LLC*, 952 F.3d 944, 946 (8th Cir. 2020). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

This Court reviews the district court's denial of LADS's Motion to Reconsider under Rule 59(e) and 60(b) for an abuse of discretion. *Jones v. Swanson*, 512 F. 3d 1045, 1048 (8th Cir. 2008). An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions. *Lankford v. Sherman*, 451 F.3d 496, 503-04 (8th Cir. 2006). When purely legal questions are presented, this Court owes no special deference to the district court. *Id.*

19

**II. The district court erred in ruling that LADS's copyright registration was invalid.**

   **A. Introduction.**

By granting Defendants' Motion for Summary Judgment, the district court allowed Defendants to use an inadvertent mistake to invalidate LADS's Copyright Registration. The mistake was in the deposit material – computer source code – filed with the application, and, in particular, with just some of the source code that will not actually be at issue. As explained above, the part of the code actually at issue in this lawsuit, because it is being infringed, was correctly included in the deposit material. This Court should reverse the district court because the law does not allow an infringer to use an inadvertent mistake to avoid being held accountable for infringement.

The only evidence in the record directly relating to the fact issue of how LADS's copyright application ended up being filed with incorrect deposit material – the May 2020 Declaration of Mr. Huber, R. Doc. 93 – indicates that the mistake was inadvertent and that LADS did not have knowledge of the mistake that occurred. Given the evidence before the court, the district court erred in determining this fact issue against LADS. Moreover, as explained below, the district court erred by applying the incorrect legal standard.

   **B. The 17 U.S.C. § 411(b) legal standard.**

Generally, a certificate of registration may support a copyright infringement

20

action regardless of whether the certificate contains any inaccurate information. 17 U.S.C. § 411(b). At issue here are the circumstances in which a certificate of registration is insufficient to support an infringement action and how the 2008 modifications to 17 U.S.C. § 411(b) interact with the preexisting case law.

Before 2008, courts commonly held that inadvertent mistakes on registration certificates do not invalidate a copyright. The existence of a mistake on a registration would not bar an infringement action unless the claimant intended to defraud the Copyright Office. *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997); *Advisers, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706, 708 (6th Cir. 1956); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 828 (11th Cir. 1982).

In 2008, an amendment to 17 U.S.C. § 411 added new language which provides:

> (b) (1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless—
>     (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
>     (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.
>
> (2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

21

17 U.S.C. § 411(b)(1,2). Accordingly, the statute identifies two conditions that must both exist for inaccuracies in a copyright registration to render it incapable of supporting an infringement action. This appeal concerns the first condition – the "knowledge" requirement. The second condition – the "materiality" requirement – is not at issue.[5] The district court, pursuant to § 411(b)(2), made an inquiry to the Copyright Office, and the Copyright Office indicated that registration would have been refused had the Office known of the mistake in the application, but refusing registration the Copyright Office would have given the applicant a chance to correct the mistake. App. 42-54; R. Doc. 134, 137.

After the amendment was enacted, a circuit split arose regarding the interaction between the existing case law requirement of fraud or intent and the modified statute. *Compare Roberts v. Gordy*, 877 F.3d 1024 (11th Cir. 2017) *with Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140 (9th Cir. 2019).

The Eleventh Circuit in *Roberts* set a higher burden on the party seeking bar

---

[5] Note that the "materiality" requirement in § 411(b)(1) relates only to the question of whether or not the inaccuracy would have affected the Copyright Office's decision to allow the registration, and the § 411(b)(2) inquiry is intended to answer that question. As explained by Mr. Huber's Declaration, this particular inaccuracy is actually not material to the question of infringement because the code still present in Defendants' software is code properly included in the deposit material. May 2020 Huber Dec. ¶¶ 19-21, App. 30-31; R. Doc. 93, at 6-7.

Appellate Case: 23-3267    Page: 23    Date Filed: 12/14/2023 Entry ID: 5344349

and infringement action due to incorrect information in the copyright registration. *Roberts* required a showing of intentional and purposeful concealment, consistent with prior case law that required a showing of "fraud on the Copyright Office." *Roberts*, 877 F.3d at 1029-30. Specifically, the court addressed the argument "that the 2008 amendment to the Copyright Act 'precludes reading 'fraud' into the statute.'" *Id.* The court noted the requirements under the modified 17 U.S.C. § 411(b), but also acknowledged that "the scienter necessary for invalidating a registration is also clear and well settled." *Id.* The court noted the Copyright Office's understanding of § 411(b) when it was enacted: in its 2008 Annual Report the Copyright Office described the new law as "amend[ing] section 411 of the copyright law to codify the doctrine of fraud on the Copyright Office in the registration process." *Id.* at n.5. Thus, the court established three requirements to invalidate a registration: "(1) the application must contain inaccuracies, (2) the inaccuracies must be material, and (3) the applicant must have the required scienter of intentional or purposeful concealment." *Roberts,* 877 F.3d at 1030. *See also DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 618 (7th Cir. 2013) (referring to § 411(b)(1) as a fraud on the Copyright Office provision). The *Roberts* standard is consistent with earlier Eastern District of Missouri law on this subject. *Renaissance Pen Co. v. Krone, LLC*, 2007 WL 9807532, at *3 (E.D. Mo. May 8, 2007).

Appellate Case: 23-3267   Page: 24   Date Filed: 12/14/2023 Entry ID: 5344349

The Ninth Circuit required a lesser showing. There, mere knowledge of the inaccuracies in an application may be sufficient to set aside a certificate of registration. *Gold Value International Textile, Inc.*, 925 F.3d at 1146. *See also Bruhn NewTech, Inc. V. United States*, 144 Fed. Cl. 755, 797-802 (2019) (declining to follow "fraud on the Copyright Office" case law precedent from prior to the enactment of § 411(b), reasoning that the statute had superseded that law).

Under either standard, Defendants always bore the burden of proving that the copyright registration is invalid. *See e.g., Roberts*, 877 F.3d 1024; *Gold Value International Textile, Inc.*, 925 F.3d 1140.

During the pendency of this case, after the district court had granted Defendants' Motion for Summary Judgment, the United States Supreme Court issued its Opinion in *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.,* 142 S. Ct. 941 (2022). The *Unicolors* Opinion provides strong support for LADS's position that the district court erred.

Regarding 17 U.S.C. § 411(b), the Ninth Circuit in *Unicolors* had held that knowledge of an underlying inaccurate material fact was sufficient by itself to render a copyright registration invalid. *Unicolors, Inc. v. H&M Hennes & Mauritz*, 959 F.3d 1194, 1200 (9th Cir. 2020). The Supreme Court reversed, holding that the term "knowledge" in § 411(b) meant "actual, subjective awareness of both the facts and the law." 142 S. Ct. at 947. The Court also cited with approval cases

24

that had been decided prior to the enactment of § 411(b):

> For another thing, cases decided before Congress enacted § 411(b) "overwhelming[ly held] that inadvertent mistakes on registration certificates [did] not invalidate a copyright and thus [did] not bar infringement actions." … **We can find no indication that Congress intended to alter this well-established rule when it enacted § 411(b)**. …
>
> Further, those who consider legislative history will find that history persuasive here. It indicates that Congress enacted § 411(b) to make it easier, not more difficult, for nonlawyers to obtain valid copyright registrations.

*Id.* at 947-48 (emphasis added, citations omitted). In other words, the Supreme Court indicated that its view of § 411(b) was similar to that of the Eleventh Circuit and the Copyright Office: that it was meant to be a codification of the common law fraud on the Copyright Office principle.

The Court, therefore, expressly rejected the reasoning of previous cases relied on by the district court such as *Bruhn NewTech, Inc. V. United States*, 144 Fed. Cl. 755 (2019). The *Bruhn* court had, incorrectly, declined to follow "fraud on the Copyright Office" case law precedent from prior to the enactment of § 411(b), reasoning that the statute had superseded that law. *Id.* at 797-802.

Accordingly, the Supreme Court has now made it clear that under § 411(b) "knowledge" of an inaccuracy in a copyright application means <u>actual</u> knowledge of the inaccuracy, along with <u>actual</u> knowledge of the ramifications of the inaccuracy. A showing of intent to defraud the Copyright Office would satisfy this

25

requirement; an inadvertent, unintended mistake would not. This Court should follow the reasoning of cases such as *Roberts v. Gordy*, and it should reject the reasoning of cases such as *Bruhn*.

### C. In granting Defendants' Motion for Summary Judgment, the district court erred by applying the incorrect § 411(b) legal standard.

Here, there is no evidence that the inaccuracies in LADS's deposit were submitted with intentional or purposeful concealment. Defendants have failed to meet their burden under part (3) of the *Roberts* test, and LADS's copyright registration is valid.

Even of this Court were to follow the more lenient standard adopted by the Ninth Circuit (which it should not), LADS's copyright registration should still be held valid because the evidence is that LADS was not aware of any inaccuracies in the deposit. Even under the Ninth Circuit standard, a registration should not be set aside based on an inadvertent or good faith mistake. *Gold Value International Textile, Inc.*, 925 F.3d at 1148.

In *Gold Value International Textile, Inc*., the copyright holder admitted to knowledge of the inaccuracies in its registration. *Id.* Thus, there was no question as to whether the mistakes were inadvertent. *Id.* Similarly, in *Bruhn NewTech, Inc. v. United States*, the case relied on by the district court, there was testimony by both a fact witness and an expert witness detailing the copyright holder's

Appellate Case: 23-3267   Page: 27   Date Filed: 12/14/2023 Entry ID: 5344349

knowledge of the inaccuracies in its application. 144 Fed. Cl. 755, 816 (2019).

Here, there is no such evidence that LADS had actual knowledge of the

inaccuracies in the deposit.

The transcript of the district court's August 25, 2021 hearing on Defendants'

Motion for Summary Judgment reflects the district court's analysis. Add. 2-10;

App. 56-64; R. Doc. 147, at 2-10. The district court noted the absence of Eighth

Circuit precedent, rejected the Eleventh Circuit's *Roberts* analysis, and chose to

follow the Court of Claims *Bruhn* analysis. The Supreme Court's *Unicolors*

opinion demonstrates that the district court chose to follow the wrong analysis.

The Supreme Court disagreed with the *Bruhn* analysis and agreed with the prior

case law requiring purposeful concealment or intent to defraud.[6]

The hearing transcript, *id.*, demonstrates that the district court also erred in

determining facts against LADS. The deposit material incorrectly included code

that should not have been there. Mr. Huber described what had happened in his

Declaration, but the district court refused to believe him, rejecting his Declaration

---

[6] The district court discounted as dicta the Supreme Court's *Unicolors* language
quoted above because the Court had not expressly taken on this specific issue.
Add. 22-23; App. 108-109; R. Doc. 177, at 10-11. While that may be accurate, the
Court did hold specifically that "knowledge" in § 411(b) meant "actual, subjective
awareness of both the facts and the law." 142 S. Ct. at 947. No evidence of that
kind was before the district court. Further, the Court's language should be taken
as a strong indication as to which of the previously applied legal standards would
be favored by the Supreme Court.

as self-serving.  In essence, the district court concluded that because the error had occurred someone had to have known.  In other words, the district court erred by refusing to construe facts in favor of the non-moving party, as required with a summary judgment motion, and the district court erred by essentially changing the § 411(b) "knowledge" requirement to a "should have known" constructive knowledge or negligence standard.

## III. The district court erred in denying LADS's Motion to Reconsider because the copyright registration remains in place, has never been cancelled, and the deposit issue has been corrected.

### A.  Introduction.

With its Motion to Reconsider, LADS brought new information to the district court regarding the registration.  App. 70-98; R. Doc. 149, 149-2.  Also, while the Motion to Reconsider was pending, the Supreme Court's *Unicolors* Opinion issued, and LADS brought that to the district court's attention. Add. 22-23; App. 108-109; R. Doc. 177, at 10-11.  The district court refused to consider the new information about the registration, and refused to change its analysis to be consistent with *Unicolors*.  *Id.*  Thus, the district court based its denial of LADS's Motion to Reconsider on erroneous factual findings and erroneous legal conclusions.

In denying the Motion to Reconsider the district court erroneously faulted

28

LADS for having failed to pursue the supplemental registration earlier.[7] First, as explained above in Part II of this Brief, it should not have been necessary. The district court applied the wrong legal standard in granting Defendants' Motion for Summary Judgment. It was not until that happened that it became clear to LADS that further action with the Copyright Office was clearly necessary in order to give the district court the opportunity to allow the lawsuit to proceed on the merits. Second, the district court's judgment was not final until nearly two years after LADS obtained the supplemental registration and filed the Motion to Reconsider.

### B. LADS's copyright registration has never been cancelled and remains in place.

Defendants have never taken action to try to cancel LADS's copyright registration. Copyright Office regulations would have allowed Defendants to seek cancellation, but if they had tried, the same regulations state that the Copyright Office would not have cancelled the registration without first allowing LADS to rectify the problem. *See* 37 C.F.R. § 201.7: Cancellation of completed

---

[7] In response to Mr. Huber volunteering in his Declaration that he had called the Copyright Office to inquire what might be done and was told in essence to wait until someone contacted the Copyright Office to question the deposit, App. 29, R. Doc. 93 at ¶ 17, the district court chose to admonish him for not having reacted to the district court's § 411(b)(2) inquiry as such a contact to the Copyright Office. Add. 20; App. 106; R. Doc. 177 at 8. The § 411(b)(2) inquiry was no such contact; it was a request that the Copyright Office answer a specific question, and it was not a request that the Copyright Office take any action regarding the registration.

Appellate Case: 23-3267    Page: 30    Date Filed: 12/14/2023 Entry ID: 5344349

registrations.  App. 128-129.[8]  Defendants, presumably knowing that an attempt to cancel the registration would have been unsuccessful, chose instead to file their Motion for Summary Judgment.

When deposit material "does not meet the requirements of the law and Copyright Office regulations," the registration can only be canceled if "the Office is unable to get the defect corrected."  37 C.F.R. § 201.7(b)(2).  App. 128.  The Copyright Office will give the copyright holder a chance to correct deposit material: "Where . . . correct deposit material has not been deposited, the Office will correspond with the copyright claimant in an attempt to secure the required information or deposit material or to clarify the information previously given on the application."  37 C.F.R. § 201.7(c)(4).  App. 128.  The registration will only be cancelled "[i]f the Copyright Office receives no reply to its correspondence within 30 days of the date the letter is sent, or the response does not resolve the substantive defect."  *Id.  See also* Copyright Compendium*, § 1807.4(D).  App. 137-138.

Accordingly, even if the deposit material for LADS's GPStrac software contains inaccuracies, such inaccuracies would not cause the Copyright Office to

---

[8] Note that this is consistent with the Copyright Office's response to the district court's § 411(b)(2) inquiry.  The Copyright Office responded that the error would have prevented registration, but it would also have given LADS an opportunity to correct the mistake.  App. 42-54; R. Doc. 134, 137.

Appellate Case: 23-3267     Page: 31     Date Filed: 12/14/2023 Entry ID: 5344349

cancel the registration unless LADS failed to correct the inaccuracies when requested, as outlined in the regulation. These regulations make it clear that the Copyright Office will not expunge valid intellectual property rights simply due to some clerical error that can be easily corrected.

Only the Copyright Office can cancel copyright registrations. The Copyright Office has procedures for cancelling copyright registrations. *See generally* 37 C.F.R. § 201.7. App. 128-129. *See also* Copyright Compendium,[9] §1807. App. 133-140. Courts do not have the authority to cancel copyright registrations. *See* Copyright Compendium, § 1807.4(F), citing *Brownstein v. Lindsay*, 742 F.3d 55, 75 (3d Cir. 2014) ("Courts have no authority to cancel copyright registrations because that authority resides exclusively with the Copyright Office."). App. 140.

Courts can order a party to ask the Copyright Office to cancel a registration. *Id.* That has not happened in this case, but even if it had, the registration would not have been cancelled. The district court's rulings, however, were tantamount to cancelling the registration without following the Copyright Office procedures. By granting Defendants' Motion for Summary Judgment and refusing to consider LADS's Motion to Reconsider, the district court essentially left LADS with no

---

[9] "Copyright Compendium," as used herein refers to U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 101 (3d ed. 2021), available at https://www.copyright.gov/comp3/.

31

registration and no opportunity to correct the mistake.

As described above, before LADS filed its Motion to Reconsider, Mr. Huber filed two copyright applications. The first was an attempt to register a portion of the software: the portion necessary to LADS's claim for copyright infringement, i.e. code that was created in 2000, that was disclosed to Defendants subject to past license agreements, and that Defendants continue to use despite the termination of the license agreements. September 2021 Huber Dec., ¶ 4, Exh. 1. App. 74, 79-82; R. Doc. 149-2, at 2, 7-10. The Copyright Office confirmed that the application sought to register computer software that was part of the software previously registered, and then the Copyright Office refused registration. September 2021 Huber Dec., ¶¶ 5-8, Exh. 2 ("Because this work has been registered and there appears to be no basis for another registration, we must refuse registration."). App. 75-76, 83-87; R. Doc. 149-2, at 3-4, 11-15.

Thus, the Copyright Office confirmed that the registration remained in place. It has never been cancelled.

### C. LADS's supplementary copyright registration has resolved the deposit material issue.

Copyright Office regulations allow for supplementary registrations. *See* 37 C.F.R. § 202.6: Supplementary registration. App. 130-131. With its Motion to Reconsider, LADS informed the district court (1) that the Copyright Office had confirmed that LADS's registration remained in place, as demonstrated by the

32

Copyright Office's reaction to LADS's first supplemental application as noted above, and (2) that LADS had successfully rectified the deposit material issue by applying for and receiving a supplementary registration. App. 70-98; R. Doc. 149, 149-2. The district court erred in refusing to change its summary judgment ruling. Add. 13-23; App. 99-109; R. Doc. 177.

With the second application Mr. Huber sought a supplementary registration to correct the deposit material problems with the previous registration. September 2021 Huber Dec., ¶ 9, Exh. 3. App. 76, 88-91; R. Doc. 149-2, at 4, 16-19. The Copyright Office accepted this application and issued the supplementary registration. With this supplementary registration, LADS disclaimed the portion of the previously submitted deposit material that had been mistakenly included. September 2021 Huber Dec., ¶¶ 10-11, Exh. 4, Exh. 5. App. 76-77, 92-98; R. Doc. 149-2, at 4-5, 20-26.[10]

As the Huber Declaration explains, the deposit material that LADS submitted for the original Registration included computer code that was created in

---

[10] In its Memorandum and Order denying LADS's Motion to Reconsider, the district court stated in a footnote, "Curiously, at the August 23, 2021, oral argument, … Plaintiff's counsel represented that a supplementary registration cannot be used to remedy a deposit defect. … that 'one of the things you cannot is correct a deposit.'" Add. 16; App. 102; R. Doc. 177, at 4 n. 6. The district court apparently misunderstood: it is true that a registrant cannot correct an erroneous deposit by replacing it with a correct deposit using a supplemental registration. But, as evidenced by the supplemental registration issued to LADS, it is possible to disclaim material in a prior registration.

Appellate Case: 23-3267    Page: 34    Date Filed: 12/14/2023 Entry ID: 5344349

2000 and that was properly included, but it also mistakenly included later-created code that is not pertinent to this lawsuit. September 2021 Huber Dec., ¶¶ 2, 4, referencing prior Declarations. App. 73-74; R. Doc. 149-2, at 1-2. With its application for the supplementary registration, LADS disclaimed the mistakenly included code that should not have been submitted previously.

Note that a supplementary registration augments, but does not supersede or cancel, the previous basic registration:

> When the U.S. Copyright Office issues a supplementary registration, it does not cancel or replace the basic registration or the registration number for that registration. Likewise, the Office will not change the information set forth in the basic registration or the public record for that registration. Instead, the Office assigns a separate registration number and effective date of registration to the supplementary registration. The basic registration and the supplementary registration coexist with each other in the public record, and the supplementary registration augments — but does not supersede — the information set forth in the basic registration. 17 U.S.C. § 408(d); 37 C.F.R. § 202.6(f)(2).

Copyright Compendium § 1802. App. 132. *See also PaySys International, Inc. v. Atos Se, Worldline SA*, 226 F. Supp. 3d 206, 217 (S.D.N.Y. 2016) (a supplementary registration does not expunge or cancel the initial registration; the initial registration remains valid and may continue to support an infringement action).

The Court's decision to grant Defendants' Motion for Summary Judgment was based on the mistaken premise that LADS's copyright registration could not

34

support the infringement action.  The Copyright Office, however, has now made it clear that the registration has never been cancelled, remains in effect, and can be the basis for this infringement action.  In addition, LADS's supplementary registration removes any problem with the deposit material.

This Court should reverse the district court's Judgment, allow LADS to amend its Complaint to add the additional registration, and allow this lawsuit to proceed.

## IV.    The district court erred in ruling that Defendants were entitled to an award of attorney fees.

At the time that the district court granted Defendants' Motion for Summary Judgment, the district court also held that Defendants were entitled to an award of attorney fees, in an amount to be determined.   App. 67; R. Doc. 146.  The district court has not determined an amount, and has, in fact, expressly postponed such a determination until after an appeal.  *See* Orders dated September 28, 2022, and September 14, 2023.  App. 111; R. Doc. 178, at 2.  Add. 28; App. 124; R. Doc. 199, at 5.  Because Defendants were not entitled to summary judgment, this Court should reverse not only the district court's Judgment, but also the district court's Order regarding attorney fees.  *See* 17 U.S.C. § 505 (attorney fee award available only to prevailing party).

35

## **CONCLUSION**

For the foregoing reasons, Plaintiff/Appellant LADS respectfully requests that this Court reverse the district court's Judgment, remand this case to the district court, and order the district court to vacate its Order holding that Defendants are entitled to an award of attorney fees.

LADS NETWORK SOLUTIONS, INC.,
Plaintiff/Appellant

By: */s/ Keith A. Rabenberg*
    Keith A. Rabenberg
    RABENBERG LAW FIRM, LLC
    2323 St. Clair
    St. Louis, MO  63144
    314-954-2543
    keith.rabenberg@outlook.com
ATTORNEY FOR APPELLANT

36

## PROOF OF SERVICE AND CERTIFICATE OF FILING

I certify that on December 13, 2023, I, the undersigned person acting on behalf of Appellant, filed the foregoing with the Clerk of Court of Appeals for the Eighth Circuit using the CM/ECF.

I further certify that on December 13, 2023, I served the foregoing on counsel for all parties to this action by using the CM/ECF system, which will send notification of such filing to all counsel and all parties to this action.

RABENBERG LAW FIRM, LLC
2323 St. Clair
St. Louis, MO 63144
314-954-2543

By: */s/ Keith A. Rabenberg*

Appellate Case: 23-3267   Page: 38   Date Filed: 12/14/2023 Entry ID: 5344349

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE REQUIREMENTS AND TYPE-VOLUME LIMITATION

This Brief complies with the typeface requirements and type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this Brief contains 6875 words excluding the parts of the Brief exempted by Rule 32(f).

I certify that this Brief complies with the typeface requirements of Rule 32(a)(5) and typestyle requirements of Rule 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman font. I further certify that this Brief and the Addendum have been scanned for viruses and are virus-free.

Dated this 13th day of December, 2023.

RABENBERG LAW FIRM, LLC
2323 St. Clair
St. Louis, MO 63144
314-954-2543

By: */s/ Keith A. Rabenberg*

38