_____

APPEAL NO. 23-3267
_____

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

LADS NETWORK SOLUTIONS, INC.,
Plaintiff/Appellant,

v.

AGILIS SYSTEMS, LLC,
ARCHLOGIX, LLC, and
GILEAD GROUP, LLC,
Defendants/Appellees.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI (No. 4:19-cv-00011)
THE HONORABLE SARAH E. PITLYK, UNITED STATES DISTRICT JUDGE
_____

**APPELLEES' PETITION FOR PANEL REHEARING
AND PETITION FOR REHEARING EN BANC**
_____

McCARTHY, LEONARD, & KAEMMERER, L.C.
Brian E. McGovern, #34677 MO
bmcgovern@mlklaw.com
S. Jay Dobbs, #40859 MO
jdobbs@mlklaw.com
Peter A. Corsale, #57220 MO
pcorsale@mlklaw.com
825 Maryville Centre Drive, Suite 300
Town & Country, MO 63017
314-392-5200 / 314-392-5221 (fax)
ATTORNEYS FOR APPELLEES

# **TABLE OF CONTENTS**

Table of Contents   1

Table of Authorities   2

Statement Pursuant to Fed. R. App. P. 40(b)(1)   3

Statement Pursuant to Fed. R. App. P. 40(b)(2)   5

Statement of the Case   5

Argument   8

 I. Rehearing is appropriate as the panel overlooked the fact that LADS ignored the notice and advice of the Copyright Office and merely resubmitted the previously rejected source code but with a new "born on" date.   8

II. The issue presented is of exceptional importance.   15

Conclusion   16

Proof of Service and Certificate of Filing   17

Certificate of Compliance   18

# **TABLE OF AUTHORITIES**

**Cases**

*Gooch v. Elec. Power Bd. of Metro. Nashville*,
608 F. Supp. 3d 572 (M.D. Tenn. 2022)..............................................................13

*Lawrence v. Trax Records, Inc.*,
No. 22 C 5660, 2025 WL 919616 (N.D.Ill. March 26, 2025)……………..……...15

*Nat'l Labor Relations Bd. v. Brown & Root, Inc.*,
206 F.2d 73, 74 (8th Cir. 1953)……………………………………………………….8

*Roskens v. Graham*, 435 F.Supp.3d 955 (N.D. Iowa 2020)……………..……..13

*Trant v. Murray*, 589 F. Supp. 3d 50 (D.D.C. 2022)………………………..….13

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
142 S. Ct. 941 (2022)……………………………………………..……...5, 13, 15

*W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*,
534 F. Supp. 3d 1209, 1218 n.3 (E.D. Cal. 2021)………………………..….13

*Williams v. Hy-Vee, Inc.*, 661 F.Supp. 3d 871 (S.D. Iowa 2023)……………..…..15

**Statutes**

17 U.S.C. § 411(b)…………….....................................................3, 5, 6, 7, 13, 14, 15

**Rules**

Fed. R. App. P. 32……………………………………………………………………...18

Fed. R. App. P. 40(b)(1)………………………………………………………………3

Fed. R. App. P. 40(b)(2)……………………………………………………………….5

Fed. R. App. P. 40(d)(3)……………………………………………………………..18

Fed. R. Civ. P. 56(e)(2)……………………………………………………………...13

2

Appellate Case: 23-3267   Page: 3   Date Filed: 06/10/2025 Entry ID: 5525585

# PETITION FOR PANEL REHEARING AND FOR REHEARING EN BANC

## STATEMENT PURSUANT TO FED. R. APP. P. 40(b)(1)

Agilis Systems, LLC, Archlogix, LLC, and Gilead Group, LLC (collectively, "Agilis") respectfully petition this Court for a panel rehearing and, in the alternative, to rehear this case *en banc*.

A panel of this Court reversed the district court decision finding that LADS Network Solutions, Inc., ("LADS") knowingly submitted inaccurate information to the Register of Copyright in violation of 17 U.S.C. § 411(b) when obtaining Registration No. TX 7-906-822. In doing so, the panel found that there was a genuine issue of material fact as to whether an unnamed employee at LADS—who LADS president Daniel Huber tasked to review, redact and submit the source code to the Register of Copyright—knew that the submission contained code created *after* the alleged creation and publication date of May 1, 2000. Op. at 5. In its decision, the panel focused on whether the unnamed LADS employee who redacted references to an API program contained within the source code, namely a Yahoo! library, knew that the API program did not exist as of May 1, 2000. Op. at 4-5.

Agilis respectfully submits that several material facts were overlooked by the panel and which, had they been given due consideration, would have brought about a different result.

3

The overlooked facts are:

- when LADS initially submitted its deposit material, i.e., source code, to the Register of Copyrights, the source code contained a 2004 registration mark. Aples. App. 53; R. Doc. 83-3, at 4;

- LADS, however, claimed in its registration that the source code was created in 2000. Aples. App. 44; R. Doc. 83-2;

- a representative from the Register's office contacted LADS, informed LADS that the source code it submitted contained code created after 2000, and explained how to obtain a copyright for the source code created in 2000 as well as how to obtain a copyright for the source code created in 2004. Aples. App. 53; R. Doc. 83-3, at 4; and

- instead of obtaining a 2000 version of the source code, LADS, via the same unnamed individual who prepared the original submission, simply resubmitted the same code it previously submitted, but with further redactions. *Compare* Aples. App. 69-119; R. Doc. 83-5 with Aples. App. 561-713; R. Doc. 100-5.

These material facts demonstrate that LADS knew that the deposit material submitted to the Register was not created in 2000 as it simply repackaged and resubmitted its previous submission that contained a 2004 registration mark.

4

## STATEMENT PURSUANT TO FED. R. APP. P. 40(b)(2)

Agilis also submits that this case raises a question of exceptional importance concerning the proper standard in which to evaluate a § 411(b) claim. Fed. R. App. P. 40(b)(2)(D). LADS advances the theory that to invalidate a copyright registration under § 411(b) a finding of fraud is required while Agilis maintains that the plain language of the statute demonstrates only actual knowledge (without the heightened scienter requirements) is needed. As recognized by the panel, the United States Supreme Court in *Unicolors, Inc. v. H& M Hennes & Mauritz, L.P.*, 142 S. Ct. 941 (2022), wished to answer this important question, but the parties pivoted to a different issue, namely whether a mistake of law is sufficient to invalidate a copyright registration under § 411(b) or whether actual knowledge of the law is sufficient. Op. at 4. Because the panel found there remained an issue of fact as to whether LADS had knowledge of the inaccuracy, the panel declined to answer this important and pressing question that has divided the district courts. Op. at 5.

## STATEMENT OF THE CASE

On January 3, 2019, LADS filed suit against Agilis alleging that they infringed on its "registered copyright concerning logistics software," namely source code with a Registration No. TX 7-906-822 that LADS obtained in September 2014 but allegedly created/first published on May 1, 2000. App. 12-20;

5

R. Doc 1. After extensive discovery, leading to the production of multiple variations of the source code, including both redacted and unredacted versions of the code submitted to the Register of Copyright, it was determined that the source code ultimately deposited with the Register of Copyright was not created in 2000. Aples. App. 120-522; R. Doc. 83-6, 83-7, 83-21 83-23. Instead, within the redacted sections of the source code that was ultimately submitted to the Register of Copyright were references to a Yahoo! library that was admittedly created long after May 1, 2000. Aples. App. 53; R. Doc. 83-3, at 4; Aples. *See also* Add. 11-12; Aples. App. 774-775; R. Doc. 148 at 56:2-57:8.

Pursuant to §411(b), the district court contacted the Register of Copyright to determine whether it would have rejected the registration if it would have known that the deposit material, i.e., the source code, contained code created after May 1, 2000. App. 42-43; R. Doc. 134, at 1-2. The Copyright Office responded in the affirmative stating that it would have denied registration. App. 53; R. Doc. 137, at 10. After receiving confirmation from the Register of Copyrights that it would have refused registration if it had known that the source code material allegedly published on May 1, 2000, contained later created code, the district court found that LADS knowingly submitted inaccurate information to the Register of Copyrights; thus, the registration obtained by the applicant was incapable of infringement pursuant to 17 U.S.C. § 411(b). Add. 10, 12; App. 64, 66; R. Doc.

6

145, 147 at 10:8-12.

Of note was the fact that in early 2014, LADS submitted its registration application attesting that its source code was first created/published on May 1, <u>2000</u>, however the deposit material contained a <u>2004</u> registration mark legend within the code. Aples. App. 44; R. Doc. 83-2. A representative from the Copyright Office then contacted LADS advising it of the proper way to obtain a copyright registration, including the need to submit the source code as it existed on May 1, 2000. Aples. App. 53; R. Doc. 83-3, at 4. LADS president, Daniel Huber allegedly charged the same unnamed individual who assisted with the first deficient rejected submission to retrieve the 2000 version and redact portions of it prior to resubmission. Add. 7-8; App. 61-63; R. Doc 147, at 7:16-8:13. LADS thereafter submitted the "2000" version, but within the redactions were references to a Yahoo! library that was created years after May 1, 2000. Add. 14; App. 100; R. Doc. 177, at 2; Aples. Add. 5-6; Aples. App. 736-737; R. Doc. 148, at 18:9-19:2.

It was also revealed that there were no material changes between the two submissions – that is the 2004 version and 2000 versions were materially the same code. *See* Aples. App. 715; R Doc. 101; *Compare* Aples. App. 69-119; R. Doc. 83-5 *with* Aples. App. 561-713; R. Doc. 100-5. As such, the registration obtained by the applicant was incapable of infringement pursuant to 17 U.S.C. § 411(b).

7

Summary judgment was therefore granted in favor of Agilis. The case was dismissed without prejudice. Add. 10, 12; App. 64, 66; R. Doc. 145, 147 at 10:8-12.

LADS appealed. On May 28, 2025, a panel of this Court reversed the district court's conclusion on the grounds that there existed a genuine issue of material fact whether the unnamed LADS's employee knew that Yahoo! library code that was embedded in the source code was created at a later date. Op at 5. Because an issue of fact remained regarding LAD's knowledge of the inaccurate information, the panel reversed and remanded the case back to the district court. *Id*.

## ARGUMENT

I. **Rehearing is appropriate as the panel overlooked the fact that LADS ignored the notice and advice of the Copyright Office and merely resubmitted the previously rejected source code but with a new "born on" date.**

"The purpose of a petition for rehearing, under the Rules of this Court, is to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result*." Nat'l Labor Relations Bd. v. Brown & Root, Inc.*, 206 F.2d 73, 74 (8th Cir. 1953). In the instant matter, the panel overlooked the fact that a "second set of source code" was never retrieved; instead, the unnamed LADS's employee changed the 2004 registration date to 2000 and resubmitted the very same source code.

8

In particular, on or about March 12, 2014, Daniel Huber, on behalf of LADS, submitted an application to the Copyright Office for the source code at issue. Aples. App. 44; R. Doc. 83-2. Though submitted in 2014, Mr. Huber certified that the date of first publication of the source code was May 1, 2000. *Id*. Mr. Huber also provided a copy of the source code that was allegedly created on May 1, 2000. *Id*.

On September 4, 2014, Melissa Wells Saharko, Registration Specialist with the United States Copyright Office, responded to Mr. Huber's application noting discrepancies between the application and the material deposited with the Copyright Office. She emailed Mr. Huber stating,

> "We are delaying registration because the submitted copy appears to be a revised version of the work described on the application. It is not clear which version of the work you wish to register. The application gives the year of completion as 2000 and the publication date as May 1, 2000. However, the work iteself (sic) bears a copyright notice dated 2004, **which implies this is a later version published in 2004**."

Aples. App. 53; R. Doc. 83-3, at 4 (emphasis added). LADS was put on notice by the Copyright Office that its original submission was deficient as it was a later version published in 2004.

Ms. Wells Saharko thereafter described the process of obtaining a copyright for the revised 2004 software, stating, in part:

> Where a new work has been revised from a previously published version, the copyright claim is limited to the new copyrightable authorship that has been created for the revised version…The

9

application should contain brief descriptions of the preexisting material excluded from the claim and the new authorship on which the claim is based. Also, the dates of creation and publication should refer to the revised version. If you wish to register the revised (2004) version you have submitted, please provide a brief description of the author's contributions. *Id*.

Ms. Wells Saharko also advised that if Mr. Huber wished to register the original version as described on the application (i.e., the version purportedly published in 2000), he needed to submit the first 25 pages and last 25 pages of the "2000" version if it wished to obtain a 2000 copyright registration. *Id*.

After receiving notice of the deficiency and having been instructed by the Copyright Office on how to properly submit registration and deposit material, *someone* at LADS reviewed, redacted, and submitted "new" source code allegedly created on May 1, 2000. Add. 7-8; App. 61-63; R. Doc 147, at 7:16-8:13. And as identified by the district court and admitted by LADS's counsel, the unnamed person at LADS charged with compiling the "2000" source code knew enough regarding trade secrets and computer programming to redact portions of the code. Add. 7; App. 61; R. Doc 147, at 7:6-15; Aples. Add. 5-6; Aples. App. 736-737; R. Doc. 148, at 18:9-19:2. The redacted material in this "new" source code admittedly contained references to an API program, notably a Yahoo! program, that did not exist as of May 1, 2000. Add. 14; App. 100; R. Doc. 177, at 2; Aples. Add. 5-6; Aples. App. 736-737; R. Doc. 148, at 18:9-19:2.

10

In reversing the district court's summary judgment order, the panel found that there was a genuine issue of material fact of whether the unnamed LADS's employee who reviewed, redacted, and submitted the source code to LADS's president for filing with the Copyright Office knew that the source code he/she reviewed, redacted and submitted contained source code that post-dated the alleged creation date of May 1, 2020. Op at 5. Reaching this conclusion, the panel stated, "LADS chose to resubmit with the correct code, and Huber tasked the **same employee** with identifying the correct set of files. The employee retrieved a **second set of source code**, assembled the first and last 25 pages, and redacted trade secrets. LADS resubmitted with the **second set of code**, and the Copyright Office approved LADS's copyright." Op at 2. (emphasis added). The panel, though acknowledging that the resubmitted code contained a reference to the Yahoo! program that had yet to be created (the same Yahoo! program that can be found in the "2004" version), determined that it was a question of fact whether this unnamed individual had actual knowledge that the Yahoo! program was created after 2000. Given this perceived genuine dispute, the panel determined that Agilis was not entitled to judgment as a matter of law. Op at 5.

Focusing on whether the unnamed individual knew of the Yahoo! creation date, the panel did not consider how after being told that the "2004" version implies that it is a later version of the source code, LADS merely resubmitted the

"2004" version as the 2000 version. Aples. App. 53; R. Doc. 83-3, at 4. Critically, Agilis submitted relevant and pointed additional facts in support of its summary judgment motion. LADS wholly failed to respond to this Statement of Additional Uncontroverted Material Facts ("ASUMF"), which included facts outlining how the source code submitted in the two submissions are substantively identical. Aples. App. 714-716; R Doc. 101. Aples. App. 714-716; R Doc. 101. *See also* Aples. Add. 7-8; Aples. App. 768-769; R. Doc. 148, at 50:1-51:25. Indeed, as noted in the ASUMF, the 2000 and 2004 versions contained the very same reference to the Yahoo! program created after May 1, 2000. Aples. App. 714-716; R Doc. 101. Add. 11-12; Aples. App. 774-775; R. Doc. 148 at 56:2-57:8. The ASUMF provided a side-by-side comparison between the "2004" code and the "2000" code demonstrating that the "2004" and "2000" versions are essentially identical. Aples. App. 715; R Doc. 101. Agilis's final statement of additional fact with supporting evidence states, "There is no material difference in the underlying source code between Mr. Huber's original March 2014 submission of the source code bearing a "2004" copyright and this later September 2014 submission bearing a "2000" copyright. [*See* Doc 83- C.1, Ex. B. at ¶ 17-19; Ex. C]." Aples. App. 716; R Doc. 101. *See also* R. Doc 83-3, 83-4, 83-5. Instead of obtaining a "second set of source code," LADS changed the registration year from 2004 to 2000 on the

12

Appellate Case: 23-3267     Page: 13     Date Filed: 06/10/2025 Entry ID: 5525585

source code printout and simply resubmitted the same source code that was initially rejected by the Copyright Office.

As noted by Agilis's counsel at the hearing, these facts were not denied and are therefore deemed admitted by LADS. Aples. Add. 9-10; Aples. App. 771-772; R. Doc. 148, at 53:6-54:16; *See also,* Fed. R. Civ. P. 56(e)(2); *see also, Roskens v. Graham*, 435 F.Supp.3d 955, 962, n.2 (N.D. Iowa 2020); *Trant v. Murray*, 589 F. Supp. 3d 50, 55 n.1 (D.D.C. 2022); *Gooch v. Elec. Power Bd. of Metro. Nashville*, 608 F. Supp. 3d 572, 578 n.1 (M.D. Tenn. 2022); *W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*, 534 F. Supp. 3d 1209, 1218 n.3 (E.D. Cal. 2021). LADS did not appeal the district court's order denying LADS's belated attempt to respond to these deemed admitted facts.[1]

Ms. Wells Saharko not only put LADS on notice of the law, but also that the "2004" source code that it initially submitted was deficient and contained post-2000 code. To that end, the panel noted:

> "Section 411(b)(1) requires actual knowledge of both the inaccurate fact in the application and the legal requirement that makes the fact inaccurate. *See Unicollers*, 595 U.S. at 185. The Copyright Office told LADS that it was required to submit the first published source code, so LADS indisputably had actual knowledge of the relevant legal requirement. *See id*. at 185-86." Op. at fn. 2.

---

[1] *See LADS Designation of Record and Statement of Issues on Appeal [Entry ID: 5328113].*

13

The panel correctly noted that LADS indisputably had actual knowledge of the relevant legal requirement after it made its deficient submission in March 2014: Ms. Wells Saharko gave LADS two options – submit a true 2000 version of the source code to obtain a 2000 registration or submit the 2004 version with appropriate disclaimers and obtain a 2004 registration. LADS chose neither. The panel overlooked the fact that the unnamed employee who located, reviewed, and redacted the source code LADS ultimately submitted in September 2014 was the <u>exact same</u> individual LADS tasked to locate, review, and redact the original deficient March 2014 submission the Register of Copyright rejected.

As the unrebutted and overlooked evidence shows, it is immaterial whether the unnamed LADS's employee knew of the creation date of the Yahoo! program because that individual, this time armed with notice of the deficiency of the original submission and indisputable actual knowledge of the relevant legal requirement (to submit materials different than the previous submission, i.e. the true first-published source code), knowingly resubmitted substantially[2] the same deficient source code as the previously rejected submission. Thus, LADS had the requisite knowledge that it submitted inaccurate information to the Copyright Office in violation of §411(b).

---

[2] *See* Aples. App. 715-716; R Doc. 101. *Compare* Aples. App. 69-119; R. Doc. 83-5 with Aples. App. 561-713; R. Doc. 100-5.

14

## II. The issue presented is of exceptional importance.

Furthermore, though recognizing that it is a compelling legal question (Op. at 3, 5), the panel declined to answer whether §411(b)(1)(A) required only actual knowledge of an accuracy or whether a higher showing of fraud is necessitated to deem a copyright registration invalid. This issue *was* to be squarely decided by the Supreme Court in *Unicolors, Inc. v. H& M Hennes & Mauritz, L.P.*¸ 142 S. Ct. 941 (2022), but was unfortunately bypassed by the parties much to some of the Court's disappointment. *Id.* at 189 (Thomas, J. dissenting).

Courts have nevertheless examined the Supreme Court's ruling and its definition of "actual knowledge" in an attempt to determine the proper standard. Courts within the within the 8th Circuit, have concluded that *Unicolors* found that a finding of fraud is unnecessary in a § 411(b) analysis. *E.g., Williams v. Hy-Vee, Inc.*, 661 F. Supp. 3d 871 (S.D. Iowa March 15, 2023) (finding that pursuant to *Unicolors* a finding of fraud is unnecessary and that a movant need only demonstrate the registrant has actual, subjective awareness of the inaccuracy"). But the courts are split as the correct standard. *See e.g., Lawrence v. Trax Records, Inc.*, No. 22 C 5660, 2025 WL 919616 (N.D.Ill. March 26, 2025) (surveying cases). Indeed, the United States Court of Appeals for the Federal Circuit is currently presented with this same issue in *HealtheState, LLC v. US*, Case No. 24-1336 (oral argument pending).

15

Such an important decision warrants the Court's full consideration.

## CONCLUSION

For the foregoing reasons, this Court should rehear this appeal by the panel and/or *en banc*, and affirm the district court.

Respectfully submitted,

McCARTHY, LEONARD, & KAEMMERER, L.C.

By: */s/ Brian E. McGovern*
Brian E. McGovern, #34677 MO
bmcgovern@mlklaw.com
S. Jay Dobbs, #40859 MO
jdobbs@mlklaw.com
Peter A. Corsale, #57220 MO
pcorsale@mlklaw.com
825 Maryville Centre Drive, Suite 300
Town & Country, MO 63017
314-392-5200 / 314-392-5221 (fax)

*Attorneys for Appellees*

# PROOF OF SERVICE AND CERTIFICATE OF FILING

I certify that on June 10, 2025, I, the undersigned person acting on behalf of Appellees, filed the foregoing with the Clerk of Court of Appeals for the Eighth Circuit using the CM/ECF. I further certify that on June 10, 2025, I served the foregoing on counsel for all parties to this action by using the CM/ECF system, which will send notification of such filing to all counsel and all parties to this action.

> McCARTHY, LEONARD, & KAEMMERER, L.C.
> 825 Maryville Centre Drive, Suite 300
> Town & Country, MO 63017

By: */s/ Brian E. McGovern*

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 40(d)(3) AND FED. R. APP. P. 32(a)(5)-(6)

This Petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(3)(A) because this Petition contains 3,165 words excluding the parts of the Petition exempted by Rule 32(f).

I certify that this Petition complies with the typeface requirements of Rule 32(a)(5) and typestyle requirements of Rule 32(a)(6) because this Petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman font. I further certify that this Petition has been scanned for viruses and are virus-free.

**Dated this 10th day of June, 2025.**

>McCARTHY, LEONARD, & KAEMMERER, L.C.
>825 Maryville Centre Drive, Suite 300
>Town & Country, MO 63017

By: */s/ Brian E. McGovern*